FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville

APR -7 2008

JAMES N. HATTEN, Clerk
By: Vicki Dougherty
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

GAINESVILLE DIVISION

| | |
|---|---|
| Suzanne Sarver, | Case No.: **2 08-CV-0077** |
| Plaintiff, | **Complaint** |
| vs. | |
| Ron Jackson, Kristi Carman, Ruth Nichols, Mike King, Gail Taylor, Cindy Collins, Fran Chastain, Rhonda Smith, Jeannnie Barrett, Traci Sadler, Samantha Hinkle, Leigh Vermillion, Black Male John Doe 1, George Sanders, John Doe 1, John Doe 2, each personally and in their official capacities, | **JURY TRIAL REQUESTED** |
| Defendants | |

**COMPLAINT**

**INTRODUCTION**

**1.**

Plaintiff is a citizen of Habersham County, Georgia and a student at North Georgia Technical College and files this action against Ruth Nichols, President of North Georgia Technical College, individually and in her official capacity for injunctive relief and compensatory damages.

**2.**

Plaintiff is currently a student at North Georgia Technical College but is subject to an unlawful suspension from the school which is supposed to be effective on April 1, 2008. This complaint also requests a temporary restraining order to set aside the suspension that is unlawful on its face and was obtained in complete and utter disregard for the due process rights of Plaintiff Sarver.

3.

Defendant's conduct, jointly and severally was a violation of Plaintiff Sarver's right to attend school and be free from malicious and willful conduct of

administrators, and to be free from malicious and unfounded charges and arbitrary suspensions under color of state law (U.S.C.42 §1983). This conduct was with an utter disregard for her due process rights and her right to complain about incompetent state actors guaranteed her under the First Amendment, due process under the Fourteenth Amendment to the U.S. and Georgia Constitutions , various state and federal laws and the Georgia State torts of libel, slander and defamation. The complained of conduct created an intimidating, hostile, offensive and abusive school environment in violation of Title IX of the Education Amendments of 1972, Chapter 39, 885 Stat. 235(1972),Codified at 20 U.S.C.§1681, et.seq.(1982)

## JURISDICTION

**4.**

This claim concerns the violation of civil rights and this Court has jurisdiction pursuant to 28 U.S.C.§1331 and 1343(3).

## VENUE

**5.**

Plaintiffs and most Defendants currently reside in Habersham County, Georgia which is in this District and Division; the Plaintiff was a resident of Habersham County at the time the claims arose; the claims alleged

arose in this District. Accordingly, venue properly lies pursuant to 28 U.S.C. §1391.

**PARTIES**

**6.**

Plaintiff Sue Sarver sues in her personal capacity. She is a resident in the dorm of North Georgia Technical College in Habersham county and can be contacted at P.O. Box 845, Demorest, Georgia, 30535 or by phone at 404-429-5946.

**Defendants:**

(1) Ron Jackson is the Commissioner of the Department of Technical and Adult Education and is responsibly for formulating policies for the technical schools in Georgia, including North Georgia Technical College, and for the training and supervision of its employees in accordance with the authority granted in the Ga. Const. Art.VII,§ paras. 1 and 2, and O.C.G.A. § 20-2-50. Ron Jackson may be served at 1800 Century Place, Suite 400, Atlanta, Ga. 30345 pursuant to Rule 4(c)(2)(C)(ii) of the Federal Rules Of Civil Procedure.

(2) Defendant Ruth Nichols is the President of North Georgia Technical College and is responsible for overseeing the daily administration of the school, formulating policies, and carrying out the policies of

DTAE. Ruth Nichols can be served at 1500 Hwy 197 North, Clarkesville, Ga, 30523 pursuant to Rule 4(c)(2)(C)(ii) of the Federal Rules Of Civil Procedure.

(3) Defendant Kristi Carman is the DTAE attorney who has reviewed and approved all actions by the Defendant employees. She can be served at 1800 Century Place, Suite 400, Atlanta, Ga. 30345 pursuant to Rule 4(c)(2)(C)(ii) of the Federal Rules Of Civil Procedure.

(4) Defendants Taylor, Collins, King, Chastain, Smith, Barrett, Sadler, Hinkle, Vermillion, Sanders are employees of NGTC and can be served at 1500 Hwy 197 North, Clarkesville, Ga, 30523 pursuant to Rule 4(c)(2)(C)(ii) of the Federal Rules Of Civil Procedure.

**FACTUAL ALLEGATIONS**

**7.**

Plaintiff Sarver has observed and complained of various criminal and tortuous misconduct by some students and a vast majority of the staff and these Defendants are attempting to unlawfully remove her from the campus to stop her from documenting and complaining of this conduct in violation of her First Amendment rights under the Federal and State constitutions. This complaint also brings claims under Georgia law for the torts of libel, slander and defamation of character.

1  Plaintiff Sue Sarver is currently a student at North
3  Georgia Technical College where she has been illegally
5  suspended in retaliation for her outspoken behavior.
7  Her first program of study was in Motorcycle Mechanics
9  where she was unlawfully harassed out of the program
11 because of her gender. She was repeatedly retaliated
13 against because of her lawful behavior and her various
15 complaints [more than thirty] against the school
17 administrators (particularly Mike King who instigated
19 the current unlawful suspension).  Plaintiff Sarver has
21 repeatedly documented the illegal conduct of various
23 staff members, including Mike King, whom constantly
25 defraud the taxpayers by failing to work the hours for
27 which they are paid and are incompetent in the
29 performance of their jobs. The staff at this school has
31 people on it that Plaintiff has never seen do any work.
33 The remainder of the staff is nearly totally
35 incompetent and do not have the intellectual capacity
37 to do their jobs. This school is in complete chaos.
39 Ruth Nichols, who is the President of the school, is
41 known among the students as a liar and a malicious
43 incompetent who orchestrates harassment of any one who
45 complains about the situation. This school is rife with
47 teachers who are not competent to teach their subject
49

matter. The technical schools in the State of Georgia are in complete disarray.

8.

On or about May 29 Plaintiff contacted Cindy Collins at NGTC for and requested an admissions package. In that conversation I was advised by Ms.Collins that Plaintiff needed a high school transcript for admission to the college. Plaintiff protested the absurdity of such a requirement because she has extensive college credits, but was advised everyone had to produce a high school diploma. Plaintiff Sarver continued to complain about such a stupid policy and was advised to ask for a waiver from a Dr. King. Gail Taylor was at this time, the head of admissions and was responsible for the training and conduct of Cindy Collins. Cindy Collins then advised plaintiff Sarver that she needed a transcript from every school she'd ever attended. Plaintiff Sarver then advised Cindy Collins that she would only get the transcripts to the schools that she needed transfer credit from.(actually, these people did not know what DTAE policy is and what they told me was not DTAE policy)

9.

That same day he plaintiff Sarver sent an e-mail to a Dr. King and requested a waiver of the high school

1   diploma requirement. Dr. King sent a reply e-mail. Some
3     time later, Plaintiff Sarver was reading the North
5   Georgia Technical College catalog and discovered that
7    people do not need a high school diploma to get into
9   the school they needed a high school diploma <u>to get out</u>
11  <u>of the school</u>.  Plaintiff Sarver immediately sent a e-
13  mail to Dr. King and pointed this fact out.  Dr. King
15     sent back a smart ass reply.  Plaintiff Sarver
17  repeatedly checked with the staff and to find out when
19   they received her transcripts and what their decision
21     was.  On or about, the 19th of June Plaintiff's
23  transcripts had been received and Plaintiff Sarver had
25  not heard from the school.  On Monday on or about June
27  20,Plaintiff Sarver sent an e-mail to Dr. King to find
29  out what his decision was.  Dr. King ignored Plaintiff
31   Sarver's e-mails until Thursday on or about June 25.
33  Plaintiff Sarver made a call to Dr. King's office and
35    advised him that if she did not hear from him in 30
37   minutes that  she would go to federal court the next
39    day and get a court order having her admitted to the
41  school. Twenty minutes later Dr. King returned her call
43   and Plaintiff Sarver advised Dr. King "that this was
45   not 1950, you do not own the school, and I have every
47  right in the world to go there". Plaintiff Sarver also
49    sent an e-mail to Ruth Nichols saying the same thing.

1  Unbeknownst to Plaintiff Sarver she had already
3  obtained a reputation as a rabble-rouser and
5  troublemaker among the staff and administration and was
7  the subject of extensive gossip.
9  10.
11 This Complaint is part of a much longer Complaint that
13 Plaintiff Sarver has condensed because the current
15 objective is to get the unlawful suspension vacated.
17 The full Complaint should be finished by next week.
19 11.
21 It is the policy and practice of this school
23 administration headed by Ruth Nichols and supported by
25 the DTAE attorney Kristi Carman and the Commissioner of
27 DTAE Ron Jackson to squelch complainers by
29 manufacturing false charges against them, label them as
31 disruptive and then illegally suspend them contrary to
33 school policy, DTAE policy, and Federal and State Law,
35 as in the instant case.
37 12.
39 Plaintiff Sarver initially was in a Motorcycle
41 Mechanics class but was harassed out of the class after
43 receiving substantial abuse and repeated threats by the
45 teacher. This matter was totally mishandled by the
47 administration and DTAE policy was totally ignored.
49 14.

On 9:45 on August 31, 2007, Plaintiff Sarver happened across a meeting where Defendants Sammy Howe, Mike King and Ruth Nichols were planning the details to illegally frame and suspend Plaintiff Sarver which was documented by Plaintiff Sarver. Plaintiff Sarver immediately confronted Ruth Nichols who had just said "that girl in the motorcycle class, we have put up with as much as we're going to take from her. She's upsetting the boys in the class."(How 1950's) (This administration and others have for decades harassed and did anything they wanted to do without any repercussions) Needless to say Plaintiff Sarver's confrontation of them this day scared the crap out of them. They then tried other maneuvers to harass Plaintiff Sarver over the next several months which are the subject of the companion lawsuit.

15.

Sometime in December of 2007, the Office of Civil Rights investigated Plaintiff Sarver's complaints and these Defendants simply lied to them.

16.

On or about February 5, Plaintiff Sarver went to a NGTC Board of Directors meeting. King, Howe and Nichols became so enraged at Plaintiff Sarver's presence that they were shaking. Plaintiff Sarver reported to Jeff

Johnson that the school was in a shambles and Nichols was harassing plaintiff. He ignored her complaints. King, Nichols and Howe retaliated by contriving this false suspension.

17.

On or about February 25, the Campus police came to Plaintiff's room in the dorm and advised Plaintiff Sarver that Dr. King wanted to see her immediately. Plaintiff Sarver advised the cop to tell King to drop dead, that she was not his servant or slave and to call and make an appointment to see her like anyone else. Plaintiff Sarver knew that King was up to some garbage to harass her during the end of quarter during preparation for finals and disturb her straight A average.

18.

On the next Monday, King sent several e-mails to her teacher and demanded that he meet with her immediately. Plaintiff refused to interrupt her class to meet him and again advised King to call and make an appointment which he refused to do. A Thursday meeting was decided upon but Plaintiff had a problem come up unexpectedly which she had to attend to. Mike King said he would send her a letter which he did.

19.

Mike King Had cooked up the most pathetic set of facts in the worst frame job of the century.

20.

King then falsely claimed that Plaintiff Sarver had made statements that were disruptive and derogatory to staff and students on February 5 (these were supposedly racially derogatory) and February 13, and on February 24, 2008 went from her room to the bathroom in a t-shirt and underwear. (So do a lot of others including the individual that complained) King put Plaintiff Sarver on "Disciplinary Probation" for the remainder of the quarter and the next four quarters. The "racially derogatory" comments supposedly happened on February 5,2008 when Plaintiff Sarver was in the TV room saying "those dumb blacks" to the TV screen by herself. (the fact of the matter is that this did not happen).The complaint was by a security guard that Plaintiff Sarver had confronted several times about her incompetent and criminal misconduct and was backed up by one of her friends.

21.

Another statement that Plaintiff Sarver made that was supposedly disruptive and derogatory was that she confronted a convicted felon who is a Resident Assistant and told him that she did not want him in her

```
 1  room. (Plaintiff had some very expensive electronics in
 3  her room) Plaintiff Sarver had observed Defendant Leigh
 5  Vermillion, who is convicted felon stealing equipment
 7  from the Student Center, she observed him selling drugs
 9  to other students and she has observed him taking
11  property from other student's rooms. Plaintiff Sarver
13  reported these events to the campus police, Rhonda
15  Smith, Fran Chastain and Mike King who ignored her.
17  Leigh is one of their favorites. He is currently
19  shacked up with his girlfriend in his room contrary to
21  the rules. (this is Samantha Hinkle who verified his
23  complaint)(Hinkle has also been harassing Plaintiff
25  Sarver) (Plaintiff Sarver refers to Hinkle as 'the
27  whore of the second floor')This has been reported by a
29  number of people to Rhonda Smith, including Plaintiff
31  Sarver who ignored all the complaints. Also, a number
33  of students have complained to Ruth Nichols, the
35  President of the school about thefts from their room
37  and nothing has been done. The RA's have keys to
39  everyone's rooms.
41                              22.
43  Mike King, in a breathtaking bow to the bizarre,
45  claimed that Plaintiff Sarver's lawful and legitimate
47  statements were a violation of the Student Handbook
49  rule on page 58 which states 'Disorderly or obscene
```

conduct or breach of the peace on college property or at any function sponsored or supervised by the college or any recognized institutional organization is prohibited'. No sane person would even try to conclude what King has concluded. Plaintiff Sarver immediately requested the statements (which she had to pay for), and received them with the complainants names blacked out. Plaintiff Sarver immediately requested an evidentiary hearing and appealed the matter. George Sanders, an employee Nichols attempted to set the appeal on these trivial matters for exam week and was advised by Plaintiff Sarver that she was too busy studying for and completing her exams and provided an alternate date. George Sanders ignored her and had the appeal hearing without Plaintiff present. Plaintiff Sarver was also advised that she could not know the name of the people who had made statements against her.

23.

Defendant Jeannie Barrett repeatedly interrupted Plaintiff' classes by sending letters to her in class and disturbing Plaintiff. Jeannie Barrett ignored Plaintiffs request to call her so that she could pick up these letters.

24.

The only thing Plaintiff Sarver would be allowed to do is to give her side of the story to a panel.

25.

The Committee recommended to approve Mike King's decision and to escalate the punishment to a one quarter suspension. This letter was delivered to Plaintiff Sarver 4 hours before she was to leave for quarter break. There was no findings of fact, no reason given for the escalation and they will not tell Plaintiff Sarver who was on the committee or how they reached their conclusion.

26.

Plaintiff Sarver immediately (on March 18) appealed that decision, requested an evidentiary hearing and has been totally ignored. All the administrators, DTAE Commissioner Ron Jackson and attorney Kristi Carman have been repeatedly advised of this misconduct. It appears that their response is to run and hide, evidencing a consciousness of their guilt.

**RELIEF SOUGHT**

**CONSTITUTINAL DUE PROCESS VIOLATIONS**

**DEFENDANTS FAILED AND REFUSED TO AFFORD PLAINTIFF DUE PROCESS BEFORE SUSPENDING HER FROM SCHOOL**

**COUNT 1**

27.

Plaintiff realleges paragraphs 7 through 25 above.

28.

Defendants willfully and maliciously failed to provide Plaintiff Sarver due process before suspending her by failing and refusing to provide the identities of her accusers, having decisions made about her from administrators and employees who have demonstrated personal bias and animas, failing to give her an appropriate opportunity to defend herself and punishing her for speech that is protected by the First Amendment to the Georgia and U.S. Constitutions and using vague and arbitrary standards.

## COUNT II

## VIOLATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW

29.

Plaintiff realleges paragraphs 7 through 25 above.

30.

Defendants have repeatedly violated Plaintiff's civil rights under color of state law, habit and custom contrary to U.S.C.42, section 1983.

## COUNT III

## GEORGIA TORT OF SLANDER

31.

Plaintiff realleges paragraphs 7 through 25 above.

32.

Defendants have made numerous false verbal statements regarding Plaintiff knowing that they were false and in attempt to injure her reputation.

### COUNT IV

### GEORGIA TORT OF LIBEL

33.

Defendants have made numerous false written statements regarding Plaintiff knowing that they were false and in attempt to injure her reputation and motivated by a malicious intent.

### COUNT V

### GEORGIA TORT OF DEFAMATION OF CHARACTER

34.

Plaintiff realleges paragraphs 7 through 25 above.

35.

Defendants have made numerous false verbal statements regarding Plaintiff knowing that they were false and in attempt to injure her reputation.

### COUNT VI

**Sex Discrimination Pursuant to Title IX of the Education Amendments of 1972 codified at 20 U.S.C.§ 1681, et. seq. (1982)**

36.

Plaintiff realleges paragraphs 7 thru 25 above.

37.

Ruth Nichols as President of North Georgia Technical School is subject to the provisions of Title IX and the harassment of Plaintiff Sarver by staff and students interfered with her ability to attend school and perform her studies and activities. The deliberate indifference of the staff created an intimidating, hostile, offensive and abusive school environment in violation of Title IX of the Education Amendments of 1972 codified at 20 U.S.C.§ 1681, et. seq. (1982).

38.

Plaintiff should have and recover compensatory, general and punitive damages from Defendants Vermillion, Barrett, Sadler, Taylor, Collins and Hinkle for their willful and intentional violation of the due process rights and damage to her name and reputation in the amount of money damages for $1,000,000.00 dollars each.

39.

Plaintiff should have and recover compensatory, general and punitive damages from Defendants Ron Jackson, Carmen, Nichols, King, Howe, Chastain and Smith for their willful and intentional violation of the due process rights and damage to her name and reputation in the amount of money damages for $40,000,000.00 dollars each.

WHEREFORE, Plaintiff prays the Court as follows:

(a) to take jurisdiction of this matter;

(b) to grant a trial by jury;

(c) award Plaintiff compensatory damages against all Defendants and award punitive damages against the individual Defendants under each claim stated above in the requested amounts;

(d) reasonable attorney fees and costs

(e) enjoin these Defendants from any further harassment of Plaintiff;

(f) require Defendants to formulate constitutional grievance and complaint processes

RESPECTFULLY SUBMITTED, this 7th day of April, 2008

```
 1                                              [signature]
 3                                              Sue Sarver
 5                                              Pro-Se
                                                P.O.Box 845
 7                                              Demorest, Ga.
                                                30535
 9
11
13
15
17
19
21
23
25
27
29
31
33
35
37
39
41
43
45
47
49
```