# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

SUZANNE SARVER,

    Plaintiff,

v.

RON JACKSON, et al.,

    Defendants.

:  CIVIL ACTION NO.
:  2:08-CV-0077-RWS

## **ORDER**

This case comes before the Court on Defendants' Motion to Dismiss [15]. After a review of the entire record, the Court enters the following Order.

## Background

Plaintiff, a student at North Georgia Technical College ("NGTC"), initiated this cause of action against various state employees of NGTC and the Department of Technical and Adult Education ("DTAE"), in their official and individual capacities. (Dkt. No. [1] at ¶¶ 2-6.) Plaintiff's Complaint consists of six counts alleging: (1) violation of procedural due process; (2) 42 U.S.C. § 1983 claim; (3) Georgia slander claim; (4) Georgia libel claim; (5) Georgia

defamation of character claim; and, (6) sexual discrimination claim under Title IX of 20 U.S.C. § 1681. (Id. at ¶¶ 27-38.)

In her Complaint, Plaintiff alleges that she was harassed because of her gender and "repeatedly retaliated against because of her lawful behavior and her various complaints (more than thirty) against school administrators." (Id. at 7.) Further, Plaintiff contends that Defendants ignored her complaints and contrived a false suspension against her. (Id. at ¶ 16.)

In February, 2008, Defendant Mike King, Vice President of Student Affairs at NGTC, made several attempts to meet with Plaintiff regarding her alleged violations of the NGTC Student Handbook.[1] As Plaintiff refused to meet, Defendant King notified Plaintiff via letter that she was being placed on disciplinary probation for the remainder of the quarter and for the next four quarters of enrollment. (Dkt. No. [1] at ¶¶ 19 & 20.) Plaintiff appealed the probation and requested an evidentiary hearing before the Disciplinary Review

---

[1] (Id. at ¶¶ 17 &18.) Specifically, Plaintiff had been accused of making racial slurs in the lounge room of her dorm. (Dkt. No. [1] at ¶ 21.) Plaintiff does not deny the statements but rather defends them as "lawful and legitimate statements." (Id. at ¶ 22.) Further, Plaintiff was accused of walking outside of her dorm room in only a T-shirt and underwear. (Id. at ¶ 20.) Plaintiff does not dispute the incident but rather merely states that many other students do the same. (Id.) Finally, a complaint was lodged against Plaintiff for alleged derogatory statements made to Resident Assistant Defendant Leigh Vermillion. (Id.) Plaintiff does not deny making the statement.(Id.)

Committee. (Id. at ¶ 22.) The hearing date was set and then modified to accommodate Plaintiff's schedule. (Id.) Plaintiff did not attend the appeal hearing. (Id.) At the hearing, the Disciplinary Review Committee approved Defendant King's probation and further sanctioned Plaintiff to one quarter suspension. (Id. at ¶ 25.) Plaintiff appealed the Disciplinary Committee's decision and initiated the lawsuit herein alleging due process violation and state tort claims. (Id. at ¶ 26.)

In addition to a Complaint, Plaintiff filed a Motion for a Temporary Restraining Order [2] to set aside the suspension. The Court denied the Plaintiff's request for injunctive relief on the basis that Plaintiff failed to demonstrate a likelihood of success on the merits of the due process claim (Dkt. No. [8] at 2.) Defendants then collectively filed this Motion to Dismiss all claims pursuant to FED. R. CIV. P. 12(b)(6) [15].[2]

## Discussion

### I. Motion to Dismiss Standard

When considering a FED. R. CIV. P. 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint."

---

[2]Plaintiff did not file a response to Defendant's Motion to Dismiss.

3

Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); see also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (internal citations omitted). The United States Supreme Court has recently dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 127 S.Ct. at 1968 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 1965. The plausibility standard does not, however, impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

## II. Defendants' Motion to Dismiss

4

Defendants' Motion to Dismiss rests on several grounds. First, Defendants assert that Plaintiff's factual allegations failed to state a claim for each Defendant named in the suit. (Dkt. No. [15] at 3-14.) Next, Defendants argue that Plaintiff's libel, slander, defamation, and due process claims fail as a matter of law. (Id. at 15-20.) Defendants then assert that claims against the Defendants in their official capacities are barred both by the Eleventh Amendment and the inapplicability of §1983 to state officers. (Id. at 20-22.) Finally, Defendants move to dismiss individual capacity claims under the premise that Defendants enjoy qualified immunity. (Id. at 22.)

As Plaintiff's claims do not differentiate between Defendants, the Court finds it most effective to address Defendants' arguments in relation to each of Plaintiff's claims.

### A. Due Process Claim (Count I)

Plaintiff asserted a constitutional due process violation stating that Defendants:

> failed to provide Plaintiff Sarver due process before suspending her by failing and refusing to provide the identities of her accusers, having decisions made about her from administrators and employees who have demonstrated personal bias and animus, [and] failing to give her an appropriate opportunity to defend herself.

5

(Dkt. No. [1] at ¶¶ 27-28.)  Plaintiff alleges that her requests for evidentiary hearings to appeal her academic probation were either ignored or scheduled on inconvenient dates. (Id. at ¶¶ 22 & 26.)

Defendants state that Plaintiff was provided with numerous opportunities to present her defense prior to her suspension. (Dkt. No. [15] at 18-19.)  In support, Defendants cite Plaintiff's Complaint, acknowledging that Defendant King notified Plaintiff of the disciplinary charges against her and tried to schedule a meeting prior to placing her on academic probation. (Dkt. No. [15] at 19; Dkt. No. [1] at ¶¶ 17-18.)  Upon notification of the appeal, the Disciplinary Review Committee scheduled a hearing to address Plaintiff's concerns. (Dkt. No. [15] at 19; Dkt. No. [1] at ¶ 22; Dkt. No. [8] Exh. 20.) When Plaintiff complained that the hearing date created a conflict for her, a new hearing date was provided. (Dkt. No. [15] at 19; Dkt. No. [1] at ¶ 22; Dkt. No. [8] Exhs. 21 & 22.)  Defendants argue that, "Plaintiff's decision to not attend the hearing does not negate the fact that a hearing was held and that Plaintiff was notified of the hearing and charges and invited to attend." (Dkt. No. [15] at 19.)  Furthermore, NGCT's administrative appeal process provided "suitable postdeprivation remedy" despite Plaintiff's decision not to

6

appeal the Disciplinary Review Committee decision.[3]

The fundamental requirement of due process is the opportunity to be heard in a meaningful manner. Mathews v. Eldridge, 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976). The manner and scope of such due process protections vary according to the interests involved. Nash v. Auburn University, 812 F.2d 655, 660 (11th Cir. 1987) The Eleventh Circuit, in addressing the precise issue of student disciplinary hearings, stated that students "have the right to respond [to the charges], but their rights in the academic disciplinary process are not co-extensive with the rights of litigants in a civil trial or with those of defendants in a criminal trial." Nash, 812 F.2d at 664 (11th Cir. 1987) (citing Goss v. Lopez, 419 U.S. 565, 583 (1975)). Namely, a student is entitled to an opportunity to present his defense and any witnesses on his behalf. See Dixon v. Ala. State Bd. of Educ., 294 F. 2d 150, 159 (5th Cir. 1961.)

Here, the Court finds that prior to her suspension, Plaintiff Sarver was adequately notified of the charges against her and given an opportunity to be

---

[3]Plaintiff does not dispute the contention that NGTC had an administrative appeal process in place to address disciplinary decisions.

heard and present a defense. Defendants made numerous accommodations in order to ensure Plaintiff could attend the hearings and voice her concerns. Plaintiff's failure to attend the hearings or cooperate with Defendants in setting mutually convenient hearing dates does negate the fact that Plaintiff was given an opportunity to be heard. Further, Plaintiff has not plead that Disciplinary Review Committee members were biased in a manner that precluded Plaintiff's due process rights. Accordingly, Defendants' Motion to Dismiss Plaintiff's due process claim is **GRANTED**. Count I of Plaintiff's Complaint is **DISMISSED**.

### B. 42 U.S.C. §1983 Claim (Count II)

Plaintiff further sues Defendants in their official capacity and individual capacity pursuant to 42 U.S.C. §1983. (Dkt. No. [1] ¶¶ 29-30.) Defendants first move to dismiss Plaintiff's official capacity claims. In Will v. Michigan Dept. of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), the Supreme Court held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." This holding also applies to state agencies. Id. at 70; Howlett v. Rose, 496 U.S. 356, 365, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990) ("the State and arms of the State, which

8

have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under §1983 in either federal or state court.") Here, Defendants are Georgia state officials acting within the scope of their employment. Based on the foregoing authority, the Court concludes that none of the Defendants are subject to suit in their official capacity under §1983.

Next, Defendants argue that insofar as Plaintiff asserts a §1983 claim against Defendants in their individual capacity, the claim is barred by the doctrine of qualified immunity. (Dkt. No. [15] at 22.) Qualified immunity protects government officials performing discretionary functions from being sued in their individual capacities. See Wilson v. Layne, 526 U.S. 603, 609, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999). Officials are shielded "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). The qualified immunity analysis consists of a two-step analysis. First, the court addresses the "threshold question" of whether the facts as alleged, viewed in the light most favorable to the plaintiff, establish a constitutional violation. Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272

9

(2001). Only if there is a constitutional violation does the court proceed to the second step to determine whether that right was clearly established. Id.

Here, the Court concludes that in performing a discretionary function, the Defendants did not violate the Plaintiff's constitutional due process rights. Therefore, finding no constitutional violation, the Court need not assess the second factor of the qualified immunity test. Accordingly, Defendants are not subject to a §1983 suit in their individual capacities.

Therefore, Defendants' Motion to Dismiss Plaintiff's §1983 claim is **GRANTED**. Count II of Plaintiff's Complaint is **DISMISSED**.

### C. Georgia Libel, Slander, Defamation Claims (Counts III, IV, V)

Plaintiff alleges that Defendants made false verbal and written statements amounting to Georgia libel, slander and defamation of character. (Dkt. No. [1] at ¶¶ 31-35.) Defendants move to dismiss Plaintiff's slander, tort, and defamation claims, asserting that Plaintiff has failed to allege facts sufficient to support a claim and also that the claims are barred by the Georgia Tort Claims Act ("GTCA").

In examining the Complaint in its entirety, the Court finds that Plaintiff's factual allegations are insufficient to support claims of either slander, libel or defamation. Specifically, Plaintiff has not identified any alleged written or verbal false statements made by the Defendants. The Court finds that general allegations, without identifying specific statements, are insufficient to state a claim for slander, libel or defamation. Furthermore, the Court finds that Plaintiff's tort claims are governed by the GTCA which "constitutes the exclusive remedy for any tort committed by a State officer or employee." O.C.G.A. § 50-21-25 (a). See Adams v. Coweta County, 208 Ga. App. 334 (1993). Pursuant to Georgia law, state officials, including the Defendants, are immune from suit under the GTCA for actions within the scope of their employment.[4] Therefore, Defendants' Motion to Dismiss Plaintiff's Georgia slander, libel and defamation claims is **GRANTED**. Counts III, IV, and V of Plaintiff's Complaint are **DISMISSED**.

---

[4] O.C.G.A. §50-21-25 states in part, "[a] person bringing an action against the state under the provisions of this article must name as a party defendant only the state government entity for which the state officer or employee was acting and shall not name the state officer or employee individually." Plaintiff's Complaint alleges that all Defendants are employees of the State of Georgia. (Dkt. No. [1] at ¶ 6.) Plaintiff does not allege that Defendants acted outside the scope of their employment.

### D. Title IX Claim (Count VI)

Lastly, Plaintiff alleged that Defendant Ruth Nichols violated Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 (Title IX) by ignoring the sexual harassment of Plaintiff by NGTC students and staff. (Dkt. No. [1] at ¶¶ 36-37.) The Title IX claim appears to arise from alleged threats and harassment that originated in Plaintiff's NGTC Motorcycle Mechanics class. (Id. at ¶ 12.) Plaintiff asserts that this harassment "interfered with her ability to attend school" and "created an intimidating, hostile, offensive, and abusive school environment." (Id.) Further, Plaintiff alleges that NGTC staff mishandled the matter and ignored the complaints. (Id.)

Defendants move to dismiss the Title IX allegations against Defendant Nichols on the bases that the alleged harassment is not part of the suit herein, and further, that Plaintiff's factual allegations are insufficient to state a claim for relief. (Dkt. No. [15] at 11.) In support, Defendants cite the Complaint, stating that "[Defendants] [] tried other maneuvers to harass Plaintiff Sarver over the next several months which are the subject of the companion lawsuit." (Dkt. No. [1] at ¶ 14.) Therefore, Defendants move to dismiss the Title IX

12

claim on the basis that Plaintiff failed to allege sufficient facts in the lawsuit herein to establish a cause of action.

Title IX provides, in pertinent part, that "[n]o person ... shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance ...." 20 U.S.C. § 1681(a). Here, Plaintiff asserts a Title IX violation claiming that she was unlawfully harassed out of her Motorcycle Mechanics program because of her gender. (Dkt. No. [1] at ¶ 7.)[5] As Plaintiff's claim involves teacher-on-student sexual harassment, the Court's analysis is governed by the Supreme Court decision in Gebser v. Lago Vista Independent School District, 524 U.S. 274, 118 S.Ct. 1989, 141 L.Ed.2d 277 (1998). The Supreme Court held in Gebser that a school district will not be liable in damages under Title IX for teacher-on-student sexual harassment "unless an official of the school district who at a minimum has authority to institute corrective measures on the district's behalf has actual notice of, and is

---

[5]The Court finds that Plaintiff's Complaint seeks redress for the alleged harassment that occurred in Plaintiff's Motorcycle Mechanics class. Plaintiff states an intention to file allegations of separate harassment in a companion suit. (Dkt. No. [1] at ¶ 14.) The Court notes that no additional lawsuit has been filed in the matter.

13

deliberately indifferent to, the teacher's misconduct." Gebser, 524 U.S. at 277, 118 S.Ct. at 1993. Deliberate indifference was defined by the Supreme Court as "an official decision by the recipient [of federal funds] not to remedy the violation." Id. at 290, 118 S.Ct. at 1999.

Here, the Plaintiff failed to demonstrate that Defendant Nichols was on notice of the alleged harassment or demonstrated any deliberate indifference to the matter. In viewing the facts in the light most favorable to Plaintiff, the Court finds that the Complaint does not allege facts sufficient to meet the plausibility standard required on a motion to dismiss. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) Accordingly, Defendants' Motion to Dismiss Plaintiff's Title IX claim is **GRANTED**. Count VI of Plaintiff's Complaint is **DISMISSED**.

## Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss [15] is **GRANTED**.

**SO ORDERED** this  13th  day of November, 2008.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)